UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

LEANN FERRY, individually,

    Plaintiff,

v.

1ST FINANCIAL BANK USA,
a foreign corporate bank,

    Defendant.
_____/

**COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF FOR VIOLATIONS OF 47 U.S.C. § 227 *et seq.*, THE TELEPHONE CONSUMER PROTECTION ACT**
**JURY DEMAND**

1.    Plaintiff LEANN FERRY alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). Plaintiff alleges that Defendant 1ST FINANCIAL BANK USA, INC. incessantly and unlawfully called Plaintiff's cellular telephone in an attempt to collect an alleged debt belonging to someone other than Plaintiff.

**JURISDICTION AND VENUE**

2.    This Court has jurisdiction under 28 U.S.C. § 1331, 1337.  This action involves questions of federal law. Federal district have original jurisdiction over TCPA claims. *See, Mims v. Arrow Financial Services, LLC,* 132 S. Ct. 740,

(2012). Venue in this District is proper because Plaintiff resides here and Defendant does business and places phone calls in this District.

## PARTIES

3. Plaintiff, LEANN FERRY ("Plaintiff"), is a natural person, and a citizen of the State of Florida, residing in Palm Beach County, Florida. Said Plaintiff is the account holder and exercises dominion over the cellular telephone which Defendant was calling.[1]

4. Defendant, 1ST FINANCIAL BANK USA ("Defendant") is a foreign corporate bank, with its principal place of business at 331 North Dakota Dunes Boulevard, Dakota Dunes, South Dakota 57049.

5. Defendant regularly engages in interstate commerce, into the State of Florida, by using the mail and telephone in a business the principal purpose of which is to provide financial services for college students and graduates.

## FCC RULINGS AND OTHER LEGAL DECISIONS IMPACTING CLAIMS BROUGHT UNDER THE TELEPHONE CONSUMER PROTECTION ACT

6. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of

---

[1] Plaintiff's counsel will provide Defendant with the subject telephone number but has not included same in order to protect his client's privacy.

privacy, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

7. Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute. *FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

8. The FCC has opined that the ability to dial numbers without any human intervention in the calling process is the hallmark of an automatic telephone dialing system (i.e. an auto-dialer). *In the Matter of Rules & Regulations Implementing The Telephone Consumer Protection Act of 2008*, CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶ 11-13; *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991,* 2003 WL 21517583, 18 F.C.C.R. 14014, ¶ 132 (Fed. Commc'n Cmm'n July 3, 2003).

9. With respect to whether a device is considered an "automatic telephone dialing system" for purposes of the TCPA, at least one Federal Court has specifically noted that "a system need not actually store, produce, or call randomly or sequentially generated telephone numbers, it need only have the *capacity* to do

it." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009) (emphasis added).

10. Furthermore, the FCC has specifically rules that a predictive dialer falls within the meaning and statutory definition of "automatic telephone dialing equipment" within the TCPA. *2003 TCPA Order*, 18 FCC Rcd 14092-14093 at ¶ 133.

11. The Hobbs Act does not vest federal district courts with subject matter jurisdiction to disregard FCC rulings. *Leckler v. Cashcall, Inc.*, 2008 U.S. Dist. LEXIS 97439, *7-8 (N.D. Cal. 2008).

## FACTUAL ALLEGATIONS

12. The instant lawsuit stems from the telephonic collection efforts of Defendant over the last four years. *Stern v. Bluestone*, 850 N.Y.S.2d 90, 2008 N.Y. Slip Op. 00611 (holding that the TCPA has a four year statute of limitations pursuant to 28 U.S.C. § 1658).

13. Defendant sought to collect an alleged consumer debt from Plaintiff and unlawfully called Plaintiff's cellular telephone more than 100 times in violation of the TCPA in an effort to collect the alleged debt.

14. Plaintiff has never conducted any business with 1st FINANCIAL BANK USA, INC.

15. The calls were placed with such frequency that the Plaintiff felt as though she was being harassed and abused by the Defendant especially in light of the fact that she had no prior relationship with the Defendant and never provided Defendant with her cellular telephone number.

16. Upon information and belief the aforesaid calls to Plaintiff's cellular telephone were placed using an automated telephone dialing system; Defendant also left messages on Plaintiff's voice mail system which played an artificial or pre-recorded voice.

17. Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system (i.e. auto-dialer). *See* In the Matter of Rules & Regulations Implementing The Telephone Consumer Protection Act of 2008, CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶ 11-13; In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 2003 WL 21517583, 18 F.C.C.R. 14014, ¶ 132 (Fed. Commc'n Cmm'n July 3, 2003).

18. That all the subject calls from Defendant to Plaintiff's cellular telephone were initiated by an automatic telephone dialing system and played messages which contained an artificial voice and/or played a prerecorded message.

5

19. That on at least one occasion, Plaintiff spoke with a representative of Defendant and asked them to stop calling her; she also informed them that she was not the person whom Defendant was trying to reach.

20. That Defendant either willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff incorporates Paragraphs 1 through 20.

22. Defendant placed calls to Plaintiff's cellular telephone which were made using an automatic telephone dialing system and/or played an artificial or prerecorded voice in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

23. The subject calls were not legally permitted under any provision to the aforementioned statute.

WHEREFORE, Plaintiff LEANN FERRY requests that the Court enter judgment in favor of Plaintiff and against Defendant 1ST FINANCIAL BANK USA, INC. for:

    a. $500 dollars in statutory damages for each violation of the TCPA over the last four years;

    b. $1500 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

  c. A permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone by use of an automatic telephone dialing system; and

  d. Costs and such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiffs demand trial by jury.

Dated this 16th day of January, 2013.

      Respectfully submitted,

      SCOTT D. OWENS, ESQ.
      *Attorney for Plaintiff*
      664 E. Hallandale Beach Blvd.
      Hallandale, FL 33009
      Telephone:  954-589-0588
      Facsimile:  954-337-0666
      scott@scottdowens.com

      By: /s/ *Scott D. Owens*
      Scott D. Owens, Esq.
      Florida Bar No. 0597651